UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERIA NA-RA BELLE-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01363-HEA |
| ST. LOUIS BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This employment discrimination case is before the Court upon review of self-represented plaintiff Sheria Na-Ra Belle-Bey's response to the Court's show cause order dated January 17, 2025.

Plaintiff's alleges her employer, the St. Louis Public School System, discriminated against her between October 6, 2014 and October 8, 2015. Because plaintiff's allegations are nearly ten years old, and because she did not file her charge of discrimination with the EEOC or receive her right-to-sue letter, the Court ordered her to show cause why this action should not be dismissed. *See* ECF No. 3 ("Under the ADA, an employee must file a charge of discrimination within 300 days of the alleged discrimination. 42 U.S.C. § 12117. . . . Once and employee receives a notice of right-to-sue letter, she has 90 days in which to file suit in this Court.").

In response, plaintiff states that equitable tolling and the discovery rule should apply to her case to toll the running of the statute of limitations. Although her argument is unclear, she seems to allege that she was unaware of her disability until 2021 and unaware of "the causation of any actions against her until on or about July 7, 2024" during her discussion with a new investigator working on her workers' compensation case. *See* ECF No. 4 at 2. She also cites to the COVID-19

pandemic as a reason to toll the running of the statute of limitations, but she does not explain how the pandemic affected her ability to file a charge of discrimination with the EEOC within 300 days of the date of the alleged discrimination, which would have been at least four years before the start of the pandemic. As best the Court can determine, plaintiff is alleging that she did not know the extent of her disability until 2021. It remains, however, that her alleged discrimination occurred between 2014 and 2015. She does not explain how the exacerbation of her disability has anything to do with defendants' alleged discriminatory acts.

Because plaintiff has not shown any reason to toll the running of the statute of limitations in this employment discrimination case, and because she does not explain how the discovery rule affected her ability to file a charge of discrimination with the EEOC, the Court will dismiss her case without prejudice as time-barred.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 28th day of February, 2025.

                                        HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE